IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUSSELL McCOMB,            )
                           )
            Plaintiff,     )
                           )
       v.                  )    No. 03 C 7988
                           )
PLAZA ASSOCIATES,          )
                           )
            Defendant.     )

MEMORANDUM ORDER

This memorandum order will quantify the sanctions to be imposed on David Philipps ("Philipps"), counsel for plaintiff Russell McComb, Sr., by reason of Philipps' violation of 28 U.S.C. §1927 ("Section 1927") in the handling of this case. Because this Court has orally expressed its views on that subject at length during the course of the numerous in-court proceedings that have led to this memorandum order, it will not pause here to repeat its reasons for having held that Philipps in fact violated the objective good faith standard of Section 1927. And because the extended proceedings, most recently including the December 21, 2004 evidentiary hearing and its aftermath, have cast more light (and a somewhat different light) on certain aspects of the case, this Court's most recent oral pronouncements provide the most significant reflection of its holding and of the appropriate consequences.

With that in mind, this Court turns to the issue of the appropriate amount of Section 1927 sanctions. Two factors bear

special mention in that respect.

First, as this Court observed following the evidentiary hearing, defendant Plaza Associates cannot fairly shift to Philipps all of the attorneys' fees referred to in its September 17, 2004 Memorandum in Support of Full Sanctions Award. Despite Philipps' clear violation of Section 1927 in having pursued this action in the manner and for the time period that he did, there came a time when the protracted nature of the proceedings was also ascribable in part to the incompleteness of Plaza Associates' response to Philipps' request for further information about the collection demand and actual identity of Russell McComb, Jr. (and not Philipps' client, McComb, Sr.) as the debtor that had been targeted by Plaza Associates. And that being so, no one-to-one correlation can fairly be applied between Philipps' Section 1927 violation as cause and the entirety of Plaza Associates' expenditures as the claimed proximate effect.

Thus Plaza Associates' September 17 Memorandum lists $32,890 as the then-accumulated fees and expenses that it had incurred (Mem. 18 and Ex. P). But this Court's review of Ex. P has disclosed that an amount approaching nearly half that figure--something over $15,000--was incurred in the course of Plaza Associates' effort to obtain sanctions (the familiar fees-on-fees phenomenon).

At this Court's request Plaza Associates' counsel has now

submitted a statement of its aggregate fees and expenses to date, which (including that earlier figure) amount to $47,001.12.[1] And Philipps' counsel has also contemporaneously submitted a statement showing that $24,484.59 in fees and expenses has been incurred during the period since September 23, 2004.[2]

That information leads to the second major factor that impacts on this Court's decision: the fact that the proceedings addressing sanctions--most recently the December 21 evidentiary hearing on the subject--have disclosed that in this case Pelion should not be heaped upon Ossa by adding the expenses incurred in those proceedings (and since then) to the sanctions otherwise properly imposable on Philipps. This Court's conclusion is that as to the cost of the sanction litigation itself, the normal "American Rule" should apply--that is, neither litigant should be entitled to place the other in the position of having to bear twofold legal expenses (its or his own, plus that incurred by its or his adversary).

With that being said, although it is not possible to address

---

[1] That current statement also refers to reductions in that figure aggregating $6,706.50, made by Plaza Associates' counsel "to reduce litigation expenses." That adjustment brings the net sanction sought against Philipps to $40,294.62.

[2] All but about $3500 of that total involved services rendered by Gomolinski and Philipps, Ltd., the law firm in which Philipps is a principal (the rest was provided by an outside law firm). But that makes no difference for purposes of the present analysis, for the services by Philipps' firm represented opportunity costs.

with fine-tuned precision the remaining amount of approximately $18,000 that has been incurred by Plaza Associates, this Court has determined--taking all the relevant factors, as previously discussed, into account -- that two-thirds of that figure should be shifted to Philipps. Accordingly Philipps is ordered to pay the sum of $12,000 to Plaza Associates because of his violation of Section 1927. Lastly, because this subject of sanctions has been the only issue remaining in the case, this is a final order. This action is dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 9, 2005.